UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HARPER PARIS,<br> *Plaintiff*, | § | |
| | § | |
| | § | |
| V. | § | Case No. 3:26-cv-02172-K-BN |
| | § | |
| TRANSUNION LLC, DK CONSULTING, | § | |
| INC., JEFFERSON CAPITAL, ABSOLUTE | § | |
| RESOLUTIONS CORPORATION, AND | § | |
| MCCARTY, BURGESS, & WOLFF, | § | |
| *Defendants*. | § | |

**DEFENDANT ABSOLUTE RESOLUTIONS CORPORATION'S
ANSWER AND AFFIRMATIVE DEFENSES**

Defendant Absolute Resolutions Corporation ("ARC") files this Answer and Affirmative Defenses to Plaintiff Harper Paris's ("Plaintiff") Complaint. Except as hereinafter admitted, qualified, or otherwise answered, Defendant denies each and every allegation contained in Plaintiff's Complaint. ARC denies any and all liability to Plaintiff under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"); Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA"); the Texas Debt Collection Act, Tex. Fin. Code § 392.001, *et seq.* ("TDCA"); or any other statute, law, or theory in this matter.

**ANSWER**

**I.      DISCOVERY CONTROL PLAN & RULE 47 STATEMENT**

1.      The allegations in Paragraph 1 are not applicable under the Federal Rules of Civil Procedure. ARC therefore denies the allegations in Paragraph 1.

2.      The allegations in Paragraph 2 are not applicable under the Federal Rules of Civil Procedure. ARC therefore denies the allegations in Paragraph 2.

## II.    PARTIES

3.    ARC lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 3 and therefore denies the same.

4.    ARC lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 4 and therefore denies the same.

5.    ARC lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 5 and therefore denies the same.

6.    ARC lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 6 and therefore denies the same.

7.    ARC admits that it does business in Texas and that it is located at 800 Norman Center Drive, Suite 350, Bloomington, MN 55437. ARC denies the remaining allegations in Paragraph 7.

8.    ARC lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 8 and therefore denies the same.

## III.    JURISDICTION AND VENUE

9.    The allegations in Paragraph 9 are conclusions of law to which no response is required. To the extent any response is required, ARC admits that this Court has subject matter jurisdiction over this action.

10.    The allegations in Paragraph 10 are conclusions of law to which no response is required. To the extent any response is required, ARC admits that venue is proper in Dallas County, Texas. ARC denies the remaining allegations in Paragraph 10.

11.    The allegations in Paragraph 11 are conclusions of law to which no response is required. To the extent any response is required, ARC admits that this Court has jurisdiction over Plaintiff's claims.

2

IV.    STATEMENT OF FACTS

A.    TransUnion's Failure to Provide a Complete Consumer File

12.    The allegations in Paragraph 12 appear to be directed at other defendants, to which no response is required. To the extent any response is required, ARC denies the same.

13.    The allegations in Paragraph 13 appear to be directed at other defendants, to which no response is required. To the extent any response is required, ARC denies the same.

14.    The allegations in Paragraph 14 appear to be directed at other defendants, to which no response is required. To the extent any response is required, ARC denies the same.

15.    The allegations in Paragraph 15 appear to be directed at other defendants, to which no response is required. To the extent any response is required, ARC denies the same.

B.    Unauthorized Inquiries by Collector Defendants

16.    ARC denies the allegations in Paragraph 16.

17.    ARC denies the allegations in Paragraph 17.

18.    ARC denies the allegations in Paragraph 18.

19.    ARC denies the allegations in Paragraph 19.

C.    Emotional Distress and Mental Anguish

20.    ARC denies the allegations in Paragraph 20.

21.    ARC denies the allegations in Paragraph 21.

V.    CAUSES OF ACTION

COUNT 1: VIOLATIONS OF THE FAIR CREDIT REPORTING ACT (FCRA)

(Against Defendant TransUnion LLC – Failure to Disclose Complete File)

22.    The allegations in Paragraph 22 are not factual allegations to which a response is required. To the extent any response is required, ARC states that Plaintiff's prior allegations speak for themselves. ARC further incorporates by reference its responses to all preceding paragraphs as

3

though fully set forth herein and denies any allegation to the extent it is asserted against ARC.

23. The allegations in Paragraph 23 appear to be directed at other defendants, to which no response is required. To the extent any response is required, ARC denies the same.

24. The allegations in Paragraph 24 appear to be directed at other defendants, to which no response is required. To the extent any response is required, ARC denies the same.

**COUNT 2: VIOLATIONS OF THE FAIR CREDIT REPORTING ACT (FCRA)**

**(Against DK Consulting, Jefferson Capital, Absolute Resolutions Corp., and McCarthy Burgess W – No Permissible Purpose)**

25. The allegations in Paragraph 25 are not factual allegations to which a response is required. To the extent any response is required, ARC states that Plaintiff's prior allegations speak for themselves. ARC further incorporates by reference its responses to all preceding paragraphs as though fully set forth herein and denies any allegation to the extent it is asserted against ARC.

26. ARC states that the FCRA speaks for itself and denies any allegation or characterization inconsistent therewith. ARC denies any remaining allegations in Paragraph 26.

27. ARC denies the allegations in Paragraph 27.

**COUNT 3: VIOLATIONS OF THE FAIR CREDIT REPORTING ACT (FCRA)**

**(Against Defendant TransUnion LLC – Failure to Maintain Reasonable Procedures)**

28. The allegations in Paragraph 28 are not factual allegations to which a response is required. To the extent any response is required, ARC states that Plaintiff's prior allegations speak for themselves. ARC further incorporates by reference its responses to all preceding paragraphs as though fully set forth herein and denies any allegation to the extent it is asserted against ARC.

29. The allegations in Paragraph 29 appear to be directed at other defendants, to which no response is required. To the extent any response is required, ARC denies the same.

30. The allegations in Paragraph 30 appear to be directed at other defendants, to which no response is required. To the extent any response is required, ARC denies the same.

31. The allegations in Paragraph 31 appear to be directed at other defendants, to which no response is required. To the extent any response is required, ARC denies the same.

**COUNT 4: VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)**

**(Against DK Consulting, Jefferson Capital, Absolute Resolutions Corp., and McCarthy Burgess W)**

32. The allegations in Paragraph 32 are not factual allegations to which a response is required. To the extent any response is required, ARC states that Plaintiff's prior allegations speak for themselves. ARC further incorporates by reference its responses to all preceding paragraphs as though fully set forth herein and denies any allegation to the extent it is asserted against ARC.

33. The allegations in Paragraph 33 are conclusions of law to which no response is required. To the extent any response is required, ARC denies the same.

34. ARC denies the allegations in Paragraph 34.

35. ARC denies the allegations in Paragraph 35.

**COUNT 5: VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT (TDCA)**

**(Against DK Consulting, Jefferson Capital, Absolute Resolutions Corp., and McCarthy Burgess W)**

36. The allegations in Paragraph 36 are not factual allegations to which a response is required. To the extent any response is required, ARC states that Plaintiff's prior allegations speak for themselves. ARC further incorporates by reference its responses to all preceding paragraphs as though fully set forth herein and denies any allegation to the extent it is asserted against ARC.

37. ARC states that the TDCA speaks for itself and denies any allegation or characterization inconsistent therewith. ARC denies the remaining allegations in Paragraph 37.

## COUNT 6: VIOLATIONS OF THE TEXAS BUSINESS AND COMMERCE CODE CHAPTER 20

**(Against TransUnion LLC)**

38.     The allegations in Paragraph 38 are not factual allegations to which a response is required. To the extent any response is required, ARC states that Plaintiff's prior allegations speak for themselves. ARC further incorporates by reference its responses to all preceding paragraphs as though fully set forth herein and denies any allegation to the extent it is asserted against ARC.

39.     The allegations in Paragraph 39 appear to be directed at other defendants, to which no response is required. To the extent any response is required, ARC denies the same.

## VI.     PRAYER FOR RELIEF

40.     In response to Plaintiff's Prayer for Relief clause, including each subpart, ARC denies that Plaintiff is entitled to any of the relief sought.

<u>**AFFIRMATIVE DEFENSES**</u>

1.     Plaintiff's Complaint, and each purported cause of action contained therein, fails to state facts sufficient to constitute a cause of action against ARC upon which relief can be granted.

2.     Plaintiff's claims are barred by the statute of limitations, laches, estoppel, waiver, and/or unclean hands.

3.     Plaintiff lacks standing to bring this action against ARC.

4.     Any violation of the law (which ARC denies) resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid the error.

5.     Plaintiff's alleged damages, if any, are the result of Plaintiff's own conduct and the conduct of others over whom ARC has no control.

6.     ARC's procurement of Plaintiff's consumer report was authorized as the information was obtained in connection with the review or collection of an existing account

6

involving the consumer. Because the debt was outstanding and unsettled at the time of the inquiry, ARC maintained a valid permissible purpose as a matter of law.

7.      Plaintiff's claims are barred because Plaintiff expressly or impliedly consented to the procurement of credit reports pursuant to the terms and conditions of the underlying credit agreement governing the account at issue.

8.      Plaintiff's recovery, if any, must be barred or reduced to the extent Plaintiff failed to exercise reasonable care and diligence to mitigate any alleged damages, including but not limited to failing to timely notify ARC of any dispute regarding the inquiry.

9.      To the extent Plaintiff is entitled to any recovery, ARC is entitled to a set-off in the amount of the underlying debt, interest, and fees owed by Plaintiff to ARC which remained unpaid at the time of the alleged violation.

10.      ARC further incorporates by reference those affirmative defenses enumerated in Rule 8 of the Federal Rules of Civil Procedure as if fully set forth herein. Such defenses are incorporated by reference for the specific purpose of not waiving them, as they may be justified by the facts determined during discovery.

11.      ARC reserves the right to raise any additional affirmative defenses under the applicable laws that become known, or which ARC becomes aware of, during the course of discovery or investigation.

## **PRAYER**

WHEREFORE, Defendant Absolute Resolutions Corporation respectfully requests that Plaintiff take nothing by her suit on all claims, that Defendant be awarded its reasonable and necessary attorneys' fees and costs, and for such other and further relief, at law or in equity, to which the Court deems just and proper.

Respectfully submitted,

**BASSFORD REMELE**
*A Professional Association*

Dated: July 7, 2026

By */s/ Kimberly Dang*
Kimberly Dang
Texas Bar No. 24116246
100 South 5th Street, Suite 1500
Minneapolis, MN 55402-1254
Telephone: (612) 333-3000
Facsimile: (612) 333-8829
kdang@bassford.com

*Attorneys for Defendant*
*Absolute Resolutions Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on July 7, 2026, I caused the foregoing document to be filed electronically with the Clerk of Court utilizing the CM/ECF system, which will send notification of such filing to any counsel of record who are registered CM/ECF participants. I further certify that I caused a true and correct copy of the foregoing document to be served upon the following non-CM/ECF participant via First Class Mail and electronic mail:

Harper Paris
900 E Colorado Boulevard
Dallas, Texas 75203

1710 Keller Parkway 9602
Keller, Texas 76248
harperparis0826@gmail.com

*Plaintiff Pro Se*

*/s/ Kimberly Dang*
Kimberly Dang

8