| | | |
|---|---|---|
| HARPER PARIS | § | |
| PLAINTIFF, | § | |
| | § | |
| v. | § | Case No: 3:26-cv-02172-K-BN |
| | § | |
| | § | |
| TRANSUNION, LLC, DK CONSULTING, INC., | § | |
| JEFFERSON CAPITAL SYSTEMS, LLC, | § | |
| ABSOLUTE RESOLUTIONS CORPORATION, | § | |
| MCCARTHY, BURGESS, & WOLFF, GLOBAL | § | |
| LENDING SERVICES LLC, SELF FINANCIAL, | § | |
| INC., NAVY FEDERAL FINANCIAL GROUP, | | |
| LLC, AUSTIN CAPITAL BANK SSB SEZZLE | | |
| INC., and CONN APPLIANCES, INC., | | |
| DEFENDANTS. | | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT AND BRIEF IN SUPPORT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Harper Paris ("Plaintiff"), representing herself pro se, files this First Amended Complaint and Brief in Support against Defendants TransUnion, LLC; DK Consulting, Inc.; Jefferson Capital Systems, LLC; Absolute Resolutions Corporation; McCarthy, Burgess, & Wolff; Global Lending Services LLC; Self Financial, Inc.; Navy Federal Financial Group, LLC; Austin Capital Bank SSB; Sezzle Inc.; and Conn Appliances, Inc. (collectively, "Defendants"), and in support thereof respectfully shows the Court the following:

Use of Generative Artificial Intelligence

Plaintiff certifies that generative artificial intelligence was utilized to assist in formatting, checking architectural data consistency, and ensuring scannability of the pleading blocks. Plaintiff explicitly certifies that all underlying facts, legal citations, and exhibits were meticulously reviewed and verified by Plaintiff to guarantee complete accuracy in accordance with Federal Rule of Civil Procedure 11.

**I. JURISDICTION**

1. This Court possesses original subject-matter jurisdiction over Plaintiff's federal law claims pursuant to 28 U.S.C. § 1331, as this civil action arises directly under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.

2. This Court possesses supplemental jurisdiction over Plaintiff's interconnected Texas state-law claims pursuant to 28 U.S.C. § 1367(a), because the state-law claims, including violations of the Texas Debt Collection Act (Tex. Fin. Code § 392.001 et seq.) and Texas common law invasion of privacy, form part of the exact same case or controversy and arise from an identical nucleus of operative facts as the federal statutory claims.

**II. VENUE**

3. Venue is proper in the United States District Court for the Northern District of Texas, Dallas Division, pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the

events, omissions, and systemic reporting failures giving rise to Plaintiff's claims occurred within this judicial district.

4. Specifically, the consumer data at issue was distributed to financial institutions within this district, and the resulting material injuries, including the immediate hold and disruption of an active residential mortgage transaction, were suffered by Plaintiff while residing within this district.

## III. PARTIES

5. Plaintiff Harper Paris is an individual residing in Dallas County, Texas, and is a "consumer" as defined by 15 U.S.C. § 1681a(c) and 15 U.S.C. § 1692a(3).

6. Defendant TransUnion, LLC, is a foreign limited liability company actively engaged in business in the State of Texas. TransUnion, LLC, is a "consumer reporting agency" under 15 U.S.C. § 1681a(f). Service of process may be executed by delivering a copy of the summons and complaint to its registered agent, Corporation Service Company, located at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

7. Defendant DK Consulting, Inc., is a foreign corporation doing business in the State of Texas. DK Consulting, Inc., is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Texas Finance Code § 392.001(6). Service of process may be executed through its counsel of record currently appearing in this action.

8. Defendant Jefferson Capital Systems, LLC, improperly sued as "Jefferson Capital," is a foreign limited liability company doing business in Texas. Jefferson Capital Systems, LLC, operates as a third-party debt buyer and is a "debt collector" under 15 U.S.C. §

1692a(6) and Texas Finance Code § 392.001(6). Service of process may be executed through its counsel of record currently appearing in this action.

9. Defendant Absolute Resolutions Corporation is a foreign corporation doing business in the State of Texas. Absolute Resolutions Corporation operates as a third-party debt buyer and is a "debt collector" under 15 U.S.C. § 1692a(6) and Texas Finance Code § 392.001(6). Service of process may be executed through its counsel of record currently appearing in this action.

10. Defendant McCarthy, Burgess, & Wolff is a foreign corporation doing business in the State of Texas. McCarthy, Burgess, & Wolff is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Texas Finance Code § 392.001(6). Service of process may be executed through its counsel of record currently appearing in this action.

11. Defendant Global Lending Services LLC is a foreign limited liability company doing business in the State of Texas and is a "furnisher" of consumer credit data under 15 U.S.C. § 1681s-2. Service of process may be executed by delivering a copy of the summons and complaint to its registered agent, Cogency Global Inc., located at 1601 Elm Street, Suite 4360, Dallas, Texas 75201.

12. Defendant Self Financial, Inc., is a foreign corporation doing business in the State of Texas and is a "furnisher" of consumer credit data under 15 U.S.C. § 1681s-2. Service of process may be executed by delivering a copy of the summons and complaint to its registered agent, Cogency Global Inc., located at 1601 Elm Street, Suite 4360, Dallas, Texas 75201.

13. Defendant Navy Federal Financial Group, LLC, is a foreign limited liability company doing business in the State of Texas and is a "furnisher" of consumer credit data under 15

U.S.C. § 1681s-2. Service of process may be executed by delivering a copy of the summons and complaint to its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service, located at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

14. Defendant Austin Capital Bank SSB is a Texas-domiciled state savings bank doing business in the State of Texas and is a "furnisher" of consumer credit data under 15 U.S.C. § 1681s-2. Service of process may be executed by delivering a copy of the summons and complaint to its primary corporate office located at 3305 Steck Avenue, Austin, Texas 78757.

15. Defendant Sezzle Inc. is a foreign corporation doing business in the State of Texas and is a "furnisher" of consumer credit data under 15 U.S.C. § 1681s-2. Service of process may be executed by delivering a copy of the summons and complaint to its registered agent, C T Corporation System, located at 1999 Bryan St., Suite 900, Dallas, Texas 75201.

16. Defendant Conn Appliances, Inc., is a domestic corporation doing business in the State of Texas and is a "furnisher" of consumer credit data under 15 U.S.C. § 1681s-2. Service of process may be executed by delivering a copy of the summons and complaint to its registered agent, C T Corporation System, located at 1999 Bryan St., Suite 900, Dallas, Texas 75201.

## IV. STATEMENT OF FACTS

### A. Pre-Litigation Disputes and Systemic Investigation Failures

17. On January 3, 2025, Plaintiff delivered a comprehensive, formal dispute letter to Defendant TransUnion, LLC, via USPS Certified Mail under tracking number 9214 8901

4298 0412 3153 80. This mandatory statutory notice explicitly alerted TransUnion to widespread factual inaccuracies, systemic data corruption, incomplete history strings, and unverified identifiers cluttering Plaintiff's credit file.

18. To ensure full compliance with administrative channels, Plaintiff concurrently initiated a series of formal consumer disputes directed to TransUnion through the secure electronic portal of the Consumer Financial Protection Bureau (CFPB). TransUnion accepted these filings, recognized them as live statutory disputes under 15 U.S.C. § 1681i, and routed them to the respective data furnishers.

19. On January 5, 2025, Plaintiff submitted CFPB Complaint Number 250105-17771642 regarding Defendant Austin Capital Bank SSB, identifying systemic reporting omissions where critical payment columns were scrubbed and replaced with blank data fields. On February 11, 2025, Austin Capital Bank completed its statutory review and rubber-stamped the account as verified as reported.

20. On January 6, 2025, Plaintiff submitted CFPB Complaint Number 250106-17780472 regarding Defendant Global Lending Services LLC, exposing a direct contradiction where the ledger falsely claimed zero payments were received despite history blocks noting a substantial payment. On February 12, 2025, Global Lending Services verified the defective account mapping without correcting the data entry.

21. On January 10, 2025, Plaintiff submitted CFPB Complaint Number 250110-17877533 regarding Defendant Mission Lane TAB Bank, detailing extensive historical blocks completely scrubbed of financial values. On February 18, 2025, Mission Lane claimed the file was updated but left the underlying data corruption entirely intact on the active network.

22. On January 11, 2025, Plaintiff submitted CFPB Complaint Number 250111-17895925 regarding Defendant Navy Federal Financial Group, LLC, identifying severe data suppression and accounting contradictions across multiple monthly payment histories. On February 19, 2025, Navy Federal verified the account as updated while leaving the corrupted placeholders operational.

23. On January 12, 2025, Plaintiff submitted CFPB Complaint Number 250112-17908801 regarding Defendant Self Financial, Inc., detailing a severe textual paradox where the reporting claimed a current status of paid as agreed while simultaneously publishing overlapping historical delinquency markers up to 120 days late. On February 20, 2025, Self Financial verified the entry without reconciling the accounting contradiction.

24. On January 13, 2025, Plaintiff submitted CFPB Complaint Number 250113-17917242 regarding Defendant Sezzle Inc, documenting a complete omission of mandatory scheduled payment variables across consecutive operating cycles. On February 19, 2025, Sezzle verified the file as updated while failing to restore the missing transaction entries.

**B. Jefferson Capital Systems, LLC: Unlawful Third-Party Disclosures**

25. On December 31, 2024, Defendant Jefferson Capital Systems, LLC, acting in its capacity as a high-volume debt buyer, sent an unencrypted electronic mail transmission containing nonpublic personal financial data, debt collection notices, and specific account tracking metrics belonging exclusively to Plaintiff Harper Paris.

26. Defendant Jefferson Capital Systems, LLC, did not deliver this sensitive communication to Plaintiff. Instead, the corporation transmitted Plaintiff's private financial data directly to a third-party electronic mail inbox belonging to another individual (dejon.paris@gmail.com) without obtaining Plaintiff's prior express written authorization.

27. On March 31, 2025, Plaintiff placed Defendant Jefferson Capital Systems, LLC, on actual notice of its unlawful collection conduct by delivering a formal dispute and cease-and-desist demand via USPS Certified Mail under tracking number 9214 8901 4298 0417 0959 04. This direct notice explicitly classified the obligation as an alleged debt, challenged the credit origin of the file, and demanded production of an original contract executed by all parties. Jefferson Capital Systems, LLC, failed to produce any authenticated transaction agreements.

**C. Absolute Resolutions Corporation: The Revocation and Dispute Lock**

28. On April 3, 2026, Plaintiff executed a formal dispute revocation letter directed to Defendant Absolute Resolutions Corporation via USPS Certified Mail under tracking number 9214 8901 4298 0473 7110 60. This letter explicitly instructed the debt buyer to remove all active dispute remarks from Account Number 4916V363906.

29. On April 10, 2026, at 9:24 a.m., Defendant Absolute Resolutions Corporation accepted physical delivery of Plaintiff's direct revocation at its corporate headquarters. Despite possessing actual written knowledge that the dispute was completely withdrawn, Absolute Resolutions Corporation failed to update its data pipeline and left the toxic dispute flag active on Plaintiff's profile.

**D. The Inaccuracy Ledger: Systemic Architectural Contradictions**

30. Under 15 U.S.C. § 1681e(b), Defendant TransUnion, LLC, is legally mandated to maintain reasonable procedures to assure maximum possible accuracy of the consumer data it populates and distributes.

31. On its personal file disclosure issued under File Number 460111436, TransUnion compiled and published an architectural data layout containing severe, internally conflicting financial calculations. Specifically, TransUnion reported current outstanding balances that mathematically exceed the absolute historical high balances for multiple installment accounts.

32. In standard financial accounting, a revolving or installment balance cannot outgrow its absolute peak historical high balance. TransUnion, however, systemically published the following impossible data strings on Plaintiff's report:

   a. For the Global Lending Services account (Account Number 200048****), TransUnion published a historical High Balance of $27,961, while simultaneously reporting a current outstanding Balance of $29,839. The reported current balance outgrew the maximum historical high balance by $1,878.

   b. For the Dept of Ed/Aidvantage account ending in identifier E001, TransUnion published a maximum High Balance of $3,500, while concurrently reporting an active current Balance of $3,814. The reported current balance outgrew the maximum historical high balance by $314.

   c. For the Dept of Ed/Aidvantage account ending in identifier E002, TransUnion published a maximum High Balance of $3,408, while concurrently reporting an active current Balance of $3,973. The reported current balance outgrew the maximum historical high balance by $565.

   d. For the Dept of Ed/Aidvantage account ending in identifier E003, TransUnion published a maximum High Balance of $3,500, while concurrently reporting an

active current Balance of $3,782. The reported current balance outgrew the maximum historical high balance by $282.

    e. For the Dept of Ed/Aidvantage account ending in identifier E004, TransUnion published a maximum High Balance of $5,452, while concurrently reporting an active current Balance of $6,042. The reported current balance impossible outgrew the maximum historical high balance by $590.

33. On June 25, 2026, TransUnion published and transmitted these exact mathematical errors directly to a third-party mortgage underwriting platform, CoreLogic | Credco, which prepared the file for United Wholesale Mortgage.

34. TransUnion's regular practice of publishing data profiles that defy basic arithmetic rules proves that the credit reporting agency does not maintain automated logical checks to filter out patent layout errors, constituting a systemic failure to ensure maximum possible accuracy under federal law.

**E. Material Injury and Concrete Actual Damages**

35. As a direct and proximate result of the willful and negligent reporting violations committed by Defendant TransUnion, LLC, and the corporate failures of the remaining Defendants, Plaintiff has suffered concrete, measurable, and severe financial injuries.

36. On June 25, 2026, while Plaintiff was actively engaged in a residential real estate transaction, TransUnion published and transmitted a corrupted, textually inaccurate consumer data profile to United Wholesale Mortgage via CoreLogic | Credco.

37. This transmitted report published multiple inaccurate data fields, including the false and outdated "Account in Dispute" notation on the Absolute Resolutions Corporation

10

tradeline, seventy-six days after Plaintiff formally revoked and withdrew all disputes via Certified Mail.

38. The presence of these inaccurate, automated dispute flags and corrupted accounting histories severely compromised Plaintiff's credit standing at a critical operational junction. On July 9, 2026, Plaintiff's mortgage loan officer explicitly halted the real estate transaction, notifying Plaintiff in writing: "But we still do have multiple disputes reporting which will need to be resolved in order to close on the loan. Harper's score is reporting a 580 which would put us in the manual underwrite category."

39. The mortgage lender further notified Plaintiff that the processing of the residential home loan would remain entirely frozen until the reporting errors generated by the Defendants were completely resolved, stating: "Let me know once the disputes have been resolved. Once they have been resolved, it typically takes about 30 days to update to the bureaus."

40. The reporting failures of the Defendants have caused Plaintiff concrete actual damages, including:

   a. The immediate suspension, disruption, and delay of an active residential real estate purchase;

   b. The forced relegation of Plaintiff's loan file into a high-risk, restrictive, and costly "manual underwriting" category due to artificial credit score suppression;

   c. Severe out-of-pocket transaction expenses, ongoing credit defamation, loss of lines of credit, and acute emotional distress, anxiety, and humiliation caused by the public destruction of her creditworthiness during an active home purchase.

**V. CAUSES OF ACTION**

**COUNT I**

**VIOLATION OF 15 U.S.C. § 1681e(b) — FAILURE TO MAINTAIN REASONABLE PROCEDURES**

(Against Defendant TransUnion, LLC)

41. Plaintiff incorporates all prior paragraphs by reference.

42. Defendant TransUnion, LLC, violated 15 U.S.C. § 1681e(b) by failing to maintain or follow reasonable procedures to assure the maximum possible accuracy of the consumer data populated in Plaintiff's credit file.

43. TransUnion repeatedly compiled, updated, and published consumer reports containing clear, internally conflicting financial calculations, specifically listing current outstanding balances that outgrew the historical high balances for multiple installment accounts.

44. TransUnion actively broadcasted these corrupted data metrics to third-party mortgage platform systems on June 25, 2026, directly resulting in the immediate suspension and injury of Plaintiff's residential mortgage transaction.

**COUNT II**

**VIOLATION OF 15 U.S.C. § 1681g(a)(1) — FAILURE TO DISCLOSE ALL FILE INFORMATION**

(Against Defendant TransUnion, LLC)

45. Plaintiff incorporates all prior paragraphs by reference.

46. Defendant TransUnion, LLC, violated 15 U.S.C. § 1681g(a)(1) by failing to provide a clear and accurate disclosure of all information within Plaintiff's file upon request.

47. TransUnion explicitly altered the structural data strings in its personal file disclosures by masking and scrambling account strings, thereby leaving Plaintiff textually blind and

structurally preventing Plaintiff from auditing the file for data duplication or cross-applicant data contamination.

**COUNT III**

**VIOLATION OF 15 U.S.C. § 1681i — FAILURE TO CONDUCT A REASONABLE REINVESTIGATION**

(Against Defendant TransUnion, LLC)

48. Plaintiff incorporates all prior paragraphs by reference.

49. Defendant TransUnion, LLC, violated 15 U.S.C. § 1681i by failing to conduct a timely, reasonable, and independent reinvestigation after receiving direct statutory notices of dispute from Plaintiff and through the authorized electronic portal of the CFPB.

50. TransUnion failed to apply basic logical checks to evaluate the specific mathematical omissions and structural logic errors brought to its attention, choosing instead to automatically parrot the unverified responses of its reporting furnishers and maintaining corrupted data architecture on its network.

**COUNT IV**

**VIOLATION OF 15 U.S.C. § 1681s-2(b) — FAILURE TO CONDUCT A REASONABLE INVESTIGATION**

(Against Furnisher Defendants Global Lending Services LLC, Self Financial, Inc., Navy Federal Financial Group, LLC, Austin Capital Bank SSB, Sezzle Inc., and Conn Appliances, Inc.)

51. Plaintiff incorporates all prior paragraphs by reference.

52. Upon accepting automated electronic notices of dispute routed through the authorized regulatory portal of the CFPB and direct consumer channels, the Furnisher Defendants willfully and negligently failed to comply with the mandates of 15 U.S.C. § 1681s-2(b).

53. The Furnisher Defendants failed to conduct an honest or reasonable investigation of the disputed metrics, failed to review all relevant data provided by Plaintiff, and improperly rubber-stamped textually impossible, incomplete, and contradictory account histories as verified as reported.

**COUNT V**

**VIOLATION OF 15 U.S.C. § 1692e(8) — COMMUNICATING FALSE CREDIT INFORMATION**

(Against Defendant Absolute Resolutions Corporation)

54. Plaintiff incorporates all prior paragraphs by reference.

55. Defendant Absolute Resolutions Corporation violated 15 U.S.C. § 1692e(8) by communicating credit information to a consumer reporting agency that it knew, or should have known, was factually false.

56. Absolute Resolutions Corporation accepted physical delivery of Plaintiff's formal dispute revocation letter on April 10, 2026. Despite holding actual written knowledge for seventy-six consecutive days that the dispute was withdrawn, this Defendant failed to update its data pipeline and left a toxic, outdated dispute flag locked on Plaintiff's account string, causing it to be published to a live mortgage underwriting platform on June 25, 2026.

14

**COUNT VI**

**TEXAS COMMON LAW INVASION OF PRIVACY — PUBLIC DISCLOSURE OF PRIVATE FACTS**

(Against Defendant Jefferson Capital Systems, LLC)

57. Plaintiff incorporates all prior paragraphs by reference.

58. Defendant Jefferson Capital Systems, LLC, acting through its automated electronic communication platforms, committed common law invasion of privacy by intentionally disclosing private, nonpublic personal financial data and collection notifications belonging exclusively to Plaintiff.

59. Defendant Jefferson Capital Systems, LLC, deliberately transmitted this sensitive financial data to an unrelated third-party electronic mail address (dejon.paris@gmail.com) without obtaining Plaintiff's prior express written authorization. The private financial profile of a consumer is not a matter of legitimate public concern, and its unconsented electronic broadcast to a third party is highly offensive to a person of ordinary sensibilities.

**COUNT VII**

**VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT**

(Against Defendants Absolute Resolutions Corporation and Jefferson Capital Systems, LLC)

60. Plaintiff incorporates all prior paragraphs by reference.

61. The Collection Defendants constitute "debt collectors" operating to collect "consumer debts" as defined by Texas Finance Code § 392.001.

62. Defendant Absolute Resolutions Corporation violated Texas Finance Code § 392.304(a)(19) by utilizing fraudulent, deceptive, or misleading representations in the

course of debt collection, specifically maintaining an inaccurate, severe dispute lock on Plaintiff's profile for over seventy days after receiving an express written revocation.

63. Defendant Jefferson Capital Systems, LLC, violated Texas Finance Code § 392.304(a)(19) by utilizing deceptive and unauthorized means during collection activities, specifically routing confidential, nonpublic consumer collection notifications into a third-party electronic inbox.

## VI. PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff Harper Paris respectfully requests that Defendants be cited to appear and answer herein, and that this Court enter judgment in favor of Plaintiff and against Defendants awarding the following relief:

A. An order finding that Defendants willfully and negligently violated the Fair Credit Reporting Act, the Fair Debt Collection Practices Act, the Texas Debt Collection Act, and Texas common law;

B. An award of actual damages, including out-of-pocket transaction expenses, credit defamation damages, and emotional distress compensation according to proof at trial pursuant to 15 U.S.C. § 1681n, 15 U.S.C. § 1681o, and Texas common law;

C. An award of statutory damages against the Collection Defendants pursuant to 15 U.S.C. § 1692k and Texas Finance Code § 392.403;

D. An award of punitive and exemplary damages against Defendants for their willful, reckless, and intentional disregard of consumer rights under 15 U.S.C. § 1681n and Texas civil remedies;

E.  An award of reasonable and necessary costs of court; and f. Such other and further relief, both at law and in equity, to which Plaintiff may show herself to be justly entitled.

Respectfully submitted,

_____/s/ Harper Paris_____

Harper Paris

Plaintiff pro se

1710 Keller Parkway, 9602

Keller, Texas 76248

Telephone: (813) 605-9799

Email: harperparis0826@gmail.com

PLAINTIFF'S INDEX OF EXHIBITS

In accordance with Federal Rule of Civil Procedure 10(c), Plaintiff Harper Paris incorporates the following written instruments as formal exhibits attached to this First Amended Complaint:

EXHIBIT A: Written Correspondence from Mortgage Loan Officer Kristen

Description: Written notification dated July 9, 2026, explicitly halting Plaintiff's active residential mortgage transaction and detailing credit score suppression caused by the active, inaccurate dispute remarks published by the Defendants.

EXHIBIT B: TransUnion Personal File Disclosure (File Number 460111436)

Description: Relevant portions of the official TransUnion consumer disclosure document establishing structural data corruption and mathematical contradictions where active current balances exceed the historic high balances.

EXHIBIT C: Unauthorized Third-Party Electronic Mail Communication

Description: Printed electronic mail thread dated December 31, 2024, showing Defendant Jefferson Capital Systems, LLC, actively leaking Plaintiff's private financial identifiers and debt collection data directly to an unconsented third-party email inbox.

EXHIBIT D: USPS Certified Mail Receipts and Delivery Tracking Records

Description: Certified mail receipts, tracking histories, and recipient signatures proving actual notice and physical delivery of the dispute revocations and verification demands to the corporate headquarters of the respective Defendants.