IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HARPER PARIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:26-cv-2172-K-BN |
| | § | |
| McCARTHY BURGESS & WOLFF; | § | |
| TRANS UNION LLC; DK | § | |
| CONSULTING INC., JEFFERSON | § | |
| CAPITAL INC., and ABSOLUTE | § | |
| RESOLUTIONS CORPORATION, | § | |
| | § | |
| Defendants. | § | |

**NOTICE OF DEFICIENCY AND ORDER REGARDING MOTION
FOR LEAVE TO PROCEED *IN FORMA PAUPERIS***

Plaintiff Harper Paris filed a *pro se* complaint in state court against Defendants, who removed the case to this Court. *See* Dkt. No. 1. And United States District Judge Ed Kinkeade referred Paris's lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference. *See* Dkt. No. 3.

Paris has now filed a motion for leave to proceed *in forma pauperis* ("IFP"). *See* Dkt. No. 26.

The Court enters this order to set out a deficiency relating to Paris's IFP motion; to allow leave to cure the deficiency; and to warn Paris, that, if she does not timely serve the unserved Defendants, the undersigned will recommend that her claims against those Defendants be dismissed under Federal Rule of Civil Procedure 41(b).

The IFP motion that Paris filed is not on the form required by this Court, *see* Dkt. No. 26, and so, it does not contain sufficient information for the Court to determine whether Paris qualifies to proceed IFP. A financial affidavit that is either "incomplete" or "internally inconsistent" is insufficient to find that a movant qualifies for leave to proceed IFP. *Muhammad v. La. Attorney Disciplinary Bd.*, Civ. A. No. 09-3431, 2009 WL 3150041, at *2 (E.D. La. Sept. 25, 2009) (citing *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976)).

Accordingly, attached to this order is a blank form application to proceed IFP – non-prisoner. If she qualifies to proceed IFP, Paris must complete all pages of the form and file an amended IFP motion by **August 19, 2026**. Failure to effectuate service against the unserved Defendants by **August 19, 2026** will result in a recommendation that her claims against those Defendants be dismissed under Federal Rule of Civil Procedure 41(b).

SO ORDERED.

DATED: July 20, 2026

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE