UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HARPER PARIS,<br>　　*Plaintiff*, | § | |
| | § | |
| | § | |
| V. | § | Case No. 3:26-cv-02172-K-BN |
| | § | |
| TRANSUNION LLC, DK CONSULTING, | § | |
| INC., JEFFERSON CAPITAL, ABSOLUTE | § | |
| RESOLUTIONS CORPORATION, AND | § | |
| MCCARTHY, BURGESS, & WOLFF, | § | |
| 　　*Defendants*. | § | |

## DEFENDANT ABSOLUTE RESOLUTIONS CORPORATION'S
## BRIEF IN SUPPORT OF ITS MOTION TO DISMISS

Defendant Absolute Resolutions Corporation ("ARC") moves for dismissal of all claims

asserted against it by Plaintiff Harper Paris ("Plaintiff") pursuant to Fed. R. Civ. P. 12(b)(6) and

12(b)(1) and submits this Brief in support.

Respectfully submitted,

**BASSFORD REMELE**
*A Professional Association*

Dated: July 23, 2026

By */s/ Kimberly Dang*
Kimberly Dang
Texas Bar No. 24116246
100 South 5th Street, Suite 1500
Minneapolis, MN 55402-1254
Telephone: (612) 333-3000
Facsimile: (612) 333-8829
kdang@bassford.com

*Attorneys for Defendant*
*Absolute Resolutions Corporation*

**<u>Use of Generative Artificial Intelligence</u>**

Pursuant to L.R. 7.2(f), portions of this brief were prepared with the assistance of generative artificial intelligence tools, namely, Westlaw CoCounsel and AI Deep Research. Counsel reviewed, edited, and verified the contents of the brief, including all factual assertions, citations, and legal authorities, and remains solely responsible for the accuracy and substance of the filing.

**TABLE OF CONTENTS**

**INTRODUCTION AND SUMMARY OF THE ARGUMENT** ................................................. 1

**FACTUAL BACKGROUND** ......................................................................................... 1

**LEGAL STANDARDS** ............................................................................................... 2

    A.   Federal Rule of Civil Procedure 12(b)(1). .......................................................... 2

    B.   Federal Rule of Civil Procedure 12(b)(6). .......................................................... 3

**ARGUMENTS AND AUTHORITIES** ............................................................................. 5

    A.   Plaintiff fails to state an FDCPA claim under § 1692e(8). ................................... 5

    B.   Plaintiff fails to state a TDCA claim under § 392.304(a)(19). ............................. 8

    C.   Plaintiff's allegations are conclusory. ............................................................. 10

    D.   Plaintiff lacks Article III standing. ................................................................. 10

        (1)   Plaintiff has not pleaded a concrete injury. ................................................ 11

        (2)   Plaintiff cannot trace her alleged injury to ARC, and relief against ARC would not redress it. ................................................................................................ 11

    E.   Plaintiff should be denied leave to amend because the defects are legal and further amendment would be futile. ................................................................................... 13

**CONCLUSION** ...................................................................................................... 14

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alvarado Martinez v. Eltman L., P.C.*,
    444 F. Supp. 3d 748 (N.D. Tex. 2020) .............................................................. 5, 7, 13

*Ariyan, Inc. v. Sewerage & Water Bd. of New Orleans*,
    29 F.4th 226 (5th Cir. 2022) ................................................................. 13, 14

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)....................................................................................... 4, 10

*Attridge v. Colonial Sav. F.A.*,
    No. SA-20-CV-00205-OLG, 2023 WL 6444894 (W.D. Tex. Sept. 28, 2023)........................ 11

*Bailey v. Mansfield Indep. Sch. Dist.*,
    425 F. Supp. 3d 696 (N.D. Tex. 2019) .................................................... 10

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)........................................................................................ 3, 4

*Brewster v. Dretke*,
    587 F.3d 764 (5th Cir. 2009) ...................................................................... 14

*Caban v. HSBC Mortg. Servs.*,
    373 F. Supp. 3d 709 (N.D. Tex. 2016) .................................................. 8, 9

*Castro v. NewRez LLC*,
    No. 22-CV-6340 (PKC) (JMW), 2024 WL 4242138 (E.D.N.Y. Sept. 19, 2024) .................... 12

*Colbert v. Wells Fargo Bank, N.A.*,
    850 F. App'x 870 (5th Cir. 2021) ................................................... 8, 9, 14

*Est. of Parker v. Mississippi Dep't of Pub. Safety*,
    140 F.4th 226 (5th Cir. 2025) .................................................................. 11

*Foman v. Davis*,
    371 U.S. 178 (1962)........................................................................................ 13

*Gomez v. Niemann & Heyer, L.L.P.*,
    No. 1:16-CV-119 RP, 2016 WL 3562148 (W.D. Tex. June 24, 2016) ................................. 7

*Gonzalez v. Kay*,
    577 F.3d 600 (5th Cir. 2009) ....................................................................... 4

*Hernandez v. W. Texas Treasures Est. Sales, L.L.C.*,
  79 F.4th 464 (5th Cir. 2023) .................................................................. 14

*Jackson v. City of Houston*,
  143 F.4th 640 (5th Cir. 2025) ............................................................ 11, 12

*James v. Ally Bank*,
  No. 421CV00925SDJCAN, 2023 WL 1093891 (E.D. Tex. Jan. 3, 2023) .............................. 10

*Lewis v. Hunter Warfield Inc*,
  No. 6:25-CV-00198, 2025 WL 4060059 (W.D. La. Dec. 31, 2025) ..................................... 6, 7

*Miller v. BAC Home Loans Servicing, L.P.*,
  726 F.3d 717 (5th Cir. 2013) .................................................................. 9

*Mims v. LVNV Funding, LLC*,
  2025 WL 747858 (E.D. Mich. Mar. 7, 2025) .............................................................. 6

*Nix v. Major League Baseball*,
  62 F.4th 920 (5th Cir. 2023) .................................................................. 4

*Perez v. McCreary, Veselka, Bragg & Allen, P.C.*,
  45 F.4th 816 (5th Cir. 2022) .......................................................... 2, 3, 11

*Ramming v. United States*,
  281 F.3d 158 (5th Cir. 2001) .................................................................. 3

*Salinas v. R.A. Rogers, Inc.*,
  952 F.3d 680 (5th Cir. 2020) .................................................................. 7

*Stripling v. Jordan Prod. Co., LLC*,
  234 F.3d 863 (5th Cir. 2000) ................................................................. 13

*Thompson v. Bank of Am. Nat. Ass'n*,
  783 F.3d 1022 (5th Cir. 2015) ................................................................. 8

*TransUnion LLC v. Ramirez*,
  594 U.S. 413 (2021) ................................................................... 2, 3, 11

*U.S. ex rel. Willard v. Humana Health Plan of Texas Inc.*,
  336 F.3d 375 (5th Cir. 2003) ................................................................. 13

*Verdin v. Fed. Nat. Mortg. Ass'n*,
  540 F. App'x 253 (5th Cir. 2013) ............................................................ 8, 9

*Vernot v. Pinnacle Credit Servs.*, L.L.C.,
  No. 16CV3163JFBSIL, 2017 WL 384327 n.2 (E.D.N.Y. Jan. 26, 2017) ................................ 6

*Wilhelm v. Credico, Inc.*,
    519 F.3d 416 (8th Cir. 2008) ............................................................................ 5, 6

**Statutes**

15 U.S.C. § 1692a(2) ...................................................................................................... 6

Section 1692e.......................................................................................................... 5, 6, 7

15 U.S.C. § 1692e(8) .......................................................................................... passim

Article III of the U.S. Constitution ........................................................................ 2, 3

Tex. Fin. Code § 392.304(a)(19) ................................................................... 2, 8, 9, 13

U.S. Const. art. 3, § 2, cl. 1 ....................................................................................... 2, 11

**Rules**

Fed. R. Civ. P. 8(a)(2)..................................................................................................... 3

Federal Rule of Civil Procedure 12(b)(1) .................................................................. 2

Federal Rule of Civil Procedure 12(b)(6) ............................................................... 3, 4

**Regulations**

Staff Commentary,
    53 Fed. Reg. 50097–02 (Dec. 13, 1988) ..................................................................... 6

**INTRODUCTION AND SUMMARY OF THE ARGUMENT**

1.  Plaintiff fails to state claims under the Fair Debt Collection Practices Act ("FDCPA") and Texas Debt Collection Act ("TDCA") against ARC, and therefore, such claims should be dismissed. Plaintiff alleges that she disputed a debt on her ARC account, then changed her mind and revoked her own dispute. ECF No. 25 at 8, ¶¶ 28–29. Her sole complaint against ARC is that, after she withdrew the dispute, ARC did not move fast enough to strip the "Account in Dispute" notation from the account. *Id.* at 14, ¶ 56 and 10–11, ¶ 37. That theory does not state a claim.

2.  Both statutes Plaintiff invokes prohibit affirmative false statements made to collect a debt. Neither reaches a debt buyer's failure to *remove* a notation, least of all a notation that was true when reported and that the FDCPA elsewhere requires. Reporting an account as disputed is accurate and statutorily contemplated; it is not "false credit information." *See id.* at 14. And a passive failure to update credit bureau data is not an affirmative misrepresentation to collect a debt.

3.  Moreover, Plaintiff lacks standing because she does not allege concrete injury and the alleged injury is not traceable to any conduct by ARC.

4.  Accordingly, Plaintiff's claims against ARC should be dismissed under Rules 12(b)(6) and 12(b)(1). Because the deficiencies are legal and cannot be cured by repleading, dismissal should be with prejudice.

**FACTUAL BACKGROUND**

5.  For purposes of this motion only, ARC accepts the well-pleaded factual allegations of the First Amended Complaint (the "Complaint") as true.

6.  Plaintiff sues eleven defendants, a credit reporting agency, several debt collectors, and several furnishers, over credit reporting she says disrupted a mortgage. ECF No. 25 at 1, 3–5.

Only two of the seven causes of action name ARC. *Id*. at 14–15. ARC is alleged to be a "third-party debt buyer" and "debt collector." *Id.* at 4, ¶ 9.

7.      The allegations specific to ARC are contained in a handful of paragraphs. On April 3, 2026, Plaintiff sent ARC a "dispute revocation letter" instructing it to "remove all active dispute remarks" from Account No. 4916V363906. *Id.* at 8, ¶¶ 28–29. Plaintiff alleges that ARC received the letter on April 10, 2026. *Id*. Plaintiff also alleges that ARC then "failed to update its data pipeline and left the toxic dispute flag active." *Id.* She alleges that on June 25, 2026—76 days later—a TransUnion report to a mortgage underwriting platform still bore a "false and outdated 'Account in Dispute' notation" on the ARC tradeline. *Id.* at 10–11, ¶¶ 36–37. On July 9, 2026, her loan officer paused the transaction, citing "multiple disputes reporting." *Id.* at 11, ¶ 38.

8.      Plaintiff alleges ARC violated 15 U.S.C. § 1692e(8) by "communicating credit information to a consumer reporting agency that it knew, or should have known, was factually false." *Id*. at 14, ¶ 55. Plaintiff also alleges ARC violated Tex. Fin. Code § 392.304(a)(19) by "maintaining an inaccurate, severe dispute lock" for more than seventy days after the revocation. *Id.* at 15–16, ¶ 62.

## LEGAL STANDARDS

### A.    Federal Rule of Civil Procedure 12(b)(1).

9.      A motion to dismiss under Rule 12(b)(1) challenges the Court's subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). Under Article III of the U.S. Constitution, federal courts have power only over "Cases" or "Controversies," which requires a plaintiff to establish standing. *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021); U.S. Const. art. 3, § 2, cl. 1. To do so, a plaintiff must show "(i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *Perez v. McCreary, Veselka, Bragg & Allen, P.C.*, 45 F.4th

2

816, 821 (5th Cir. 2022). The plaintiff bears the burden of establishing that jurisdiction exists. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

10.     In the context of statutory consumer claims, a bare statutory violation, divorced from any concrete harm, does not satisfy the injury-in-fact requirement; "Article III standing requires a concrete injury even in the context of a statutory violation," and "an injury in law is not an injury in fact." *TransUnion LLC*, 594 U.S. at 426. For a harm to be concrete, it must bear a "close relationship" to a harm traditionally recognized as providing a basis for a lawsuit in American courts. *Id.* at 424–25. For a misleading credit report, the traditional analog is the reputational harm of defamation. *Id.* at 432. A statutory cause of action permits a plaintiff to sue for a violation of federal law, but the plaintiff must still demonstrate concrete harm resulting from that violation to establish Article III standing. *Perez*, 45 F.4th at 821.

11.     A challenge to subject-matter jurisdiction may rest on any of three bases: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming*, 281 F.3d at 161. Where the challenge is to the sufficiency of the jurisdictional allegations, the court accepts the complaint's allegations as true; where the challenge disputes the existence of jurisdiction in fact, the court may consider matters outside the pleadings. *Id*.

**B.     Federal Rule of Civil Procedure 12(b)(6).**

12.     Under the federal notice-pleading standard, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); Fed. R. Civ. P. 8(a)(2). That standard "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. To achieve facial plausibility, the plaintiff must plead "factual content

3

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

13.    Rule 12(b)(6) permits dismissal where a complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive such a motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. 662, at 678. In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555).

14.    Courts apply a two-step approach. First, they identify and set aside pleadings that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Second, accepting the remaining well-pleaded factual allegations as true, the court determines whether they "plausibly give rise to an entitlement to relief." *Id*. That determination is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense, and where the well-pleaded facts "do not permit the court to infer more than the mere possibility of misconduct," the complaint has not shown that the pleader is entitled to relief. *Id*.

15.    Although the Court construes a pro se complaint under "less stringent standards" than pleadings drafted by lawyers, a pro se plaintiff must still state a claim on which relief can be granted; "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Nix v. Major League Baseball*, 62 F.4th 920, 928 (5th Cir. 2023).

4

## ARGUMENTS AND AUTHORITIES

**A.      Plaintiff fails to state an FDCPA claim under § 1692e(8).**

16.      Section 1692e forbids "any false, deceptive, or misleading representation or means in connection with the collection of any debt," and subsection (8) prohibits "[c]ommunicating . . . credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." 15 U.S.C. § 1692e. Plaintiff's theory that ARC did not remove an "Account in Dispute" notation after she revoked her own dispute (ECF No. 25 at 8, ¶¶ 28–29) founders on the text of the statute and controlling authority for three independent reasons: ARC is alleged only to have failed to act; reporting the dispute status of a debt is not a communication in connection with the collection of a debt; and the notation was neither false nor materially misleading.

17.      First, ARC is alleged only to have failed to act. Plaintiff says ARC "failed to update its data pipeline" and "left" the notation in place. ECF No. 25 at 8, ¶ 29; 14, ¶ 56. A court in this District has held that violations of § 1692e "require an affirmative misrepresentation or act, not inaction," and that a debt collector's failure to have inaccurate credit information corrected does not violate § 1692e. *Alvarado Martinez v. Eltman L., P.C.*, 444 F. Supp. 3d 748, 754 (N.D. Tex. 2020). A collector's failure to report a change in the status of a debt to credit reporting agencies is not a § 1692e violation absent an affirmative misrepresentation. *Id.*

18.      Moreover, § 1692e(8) imposes no affirmative duty to remove or update a dispute notation. The clause on which Plaintiff relies—"the failure to communicate that a disputed debt is disputed"—does not create a freestanding disclosure duty. 15 U.S.C. § 1692e(8). As the Eighth Circuit explained, it is "rooted in the basic fraud law principle that, if a debt collector *elects* to communicate 'credit information' about a consumer, it must not omit a piece of information that is always material, namely, that the consumer has disputed a particular debt." *Wilhelm v. Credico,*

5

*Inc.*, 519 F.3d 416, 418 (8th Cir. 2008) (emphasis in original). Read together with the definition of "communication" in § 1692a, courts have held that § 1692e(8) "does not impose an affirmative duty on debt collectors to update the status of each debt it has reported," and that "the act of failing to inform a credit reporting agency of a change in status of a previously reported debt is not a violation of the FDCPA." *See, e.g.*, *Vernot v. Pinnacle Credit Servs.*, L.L.C., No. 16CV3163JFBSIL, 2017 WL 384327, *1 n.2 (E.D.N.Y. Jan. 26, 2017); 15 U.S.C. § 1692a(2). If anything, the governing FTC guidance runs the other way: a dispute learned of after reporting "need not also be reported." *Wilhelm*, 519 F.3d at 418 (quoting FTC Staff Commentary, 53 Fed. Reg. 50097–02, 50106 (Dec. 13, 1988)). No authority requires a collector to affirmatively strip a dispute flag on the consumer's demand.

19.      Second, reporting the dispute status of a debt is not a communication "in connection with the collection of any debt" under the FDCPA. 15 U.S.C. § 1692e. Courts confronting this precise scenario, where a consumer who disputed a debt, then told the collector she no longer disputed it and demanded the notation's removal, have held that retaining the "in dispute" notation is not actionable. In *Lewis v. Hunter Warfield, Inc.*, on facts materially identical to these, the court held that a "failure to change the notation from disputed to undisputed as promptly as [the plaintiff] would have liked" is not a "false, deceptive, or misleading representation or means in connection with the collection of any debt." *Lewis v. Hunter Warfield Inc*, No. 6:25-CV-00198, 2025 WL 4060059, at *3 (W.D. La. Dec. 31, 2025), *report and recommendation adopted sub nom. Lewis v. Hunter Warfield Inc.*, No. 6:25-CV-00198, 2026 WL 130802 (W.D. La. Jan. 16, 2026). The court reasoned that interpreting a dispute notation as a communication "to induce payment would result in a 'bizarre or idiosyncratic interpretation.'" *Id.* (quoting *Mims v. LVNV Funding, LLC*, 2025 WL 747858, at *3 (E.D. Mich. Mar. 7, 2025)).

6

20. Third, the notation was not false or materially misleading. Section 1692e(8) reaches only credit information "known or which should be known to be false." 15 U.S.C. § 1692e. The account had in fact been disputed, so reporting it as "in dispute" was accurate. *See Lewis*, 2025 WL 4060059, at \*3 (noting plaintiff indeed disputed the debt and such dispute notation was accurate at the time). Indeed, § 1692e(8) directs collectors to report disputes. 15 U.S.C. § 1692e(8). The Fifth Circuit has held that a statement that "merely expresses a common-sense truism" and is literally accurate is not false, deceptive, or misleading under § 1692e, even to an unsophisticated consumer. *Salinas v. R.A. Rogers, Inc.*, 952 F.3d 680, 681 (5th Cir. 2020). A § 1692e claim also requires materiality: only a statement with "the ability to influence a consumer's decision" is actionable. *Gomez v. Niemann & Heyer, L.L.P.*, No. 1:16-CV-119 RP, 2016 WL 3562148, \*4–5 (W.D. Tex. June 24, 2016). A truthful dispute notation therefore conveys nothing untrue and is not material.

21. Plaintiff's own allegations place her squarely outside § 1692e. She pleads only that ARC "failed to update its data pipeline" and "left" the notation in place after receiving her revocation. ECF No. 25 at 8, ¶ 29; 14, ¶ 56. This is akin to the inaction *Alvarado Martinez* holds non-actionable and the alleged conduct of failure to remove a dispute notation *Lewis* holds is not collection activity. *See Alvarado Martinez*, 444 F. Supp. 3d at 754; *Lewis*, 2025 WL 4060059, at \*3. Plaintiff does not allege the notation was false when made; by her own account it became something she "no longer" wished to appear only after she revoked a dispute she herself had lodged. ECF No. 25 at 8, ¶ 28. A notation that was accurate when placed, that § 1692e(8) itself contemplates, and that was never a demand for payment is not a false or materially misleading representation made to collect a debt. *See Lewis*, 2025 WL 4060059, at \*3.

7

22.    Accordingly, Plaintiff fails to state an FDCPA claim under § 1692e(8), and that claim should be dismissed.

**B.    Plaintiff fails to state a TDCA claim under § 392.304(a)(19).**

23.    Plaintiff's TDCA claim under Tex. Fin. Code § 392.304(a)(19), a "catch-all" provision, fails for reasons that parallel and reinforce the defects in her FDCPA claim. The catch-all prohibits "using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer." *Colbert v. Wells Fargo Bank, N.A.*, 850 F. App'x 870, 873 (5th Cir. 2021) (quoting Tex. Fin. Code § 392.304(a)(19)). It requires an affirmative false statement, reaches statements made to collect a debt rather than data furnished to a credit bureau, and is not satisfied by a vague, formulaic allegation.

24.    First, Plaintiff's TDCA claim fails because the provision requires an affirmative false statement. The Fifth Circuit held that "misrepresentations that are actionable under the TDCA must be affirmative statements that are false or misleading," and that statements creating a misrepresentation "only through inference or deduction are not affirmative misstatements." *Id*. at 873. Applying § 392.304(a)(19) specifically, the Fifth Circuit has held that a failure to make an affirmative statement, and even an outright refusal to provide information, "is not an affirmative misrepresentation" and does not violate the catch-all. *Verdin v. Fed. Nat. Mortg. Ass'n*, 540 F. App'x 253, 257 (5th Cir. 2013). "[T]o violate the TDCA using a misrepresentation, the debt collector must have made an *affirmative statement* that was false or misleading." *Thompson v. Bank of Am. Nat. Ass'n*, 783 F.3d 1022, 1026 (5th Cir. 2015) (quoting *Verdin*, 540 F. App'x at 257) (emphasis in original).

25.    Second, the conduct was not directed at Plaintiff to collect a debt. A § 392.304(a)(19) claim resting on what a defendant reported to a credit bureau fails on the distinction between statements to the consumer and statements to a reporting agency. *See Caban v. HSBC*

8

*Mortg. Servs.*, 373 F. Supp. 3d 709, 714 (N.D. Tex. 2016). In *Caban*, the court sustained a § 392.304 claim based on a misrepresentation made "to Caban, but not to Equifax," dismissing the credit-bureau-directed theory because it could not discern what misrepresentation was made to the reporting agency. *Id*. ARC's alleged conduct of leaving a flag on data furnished to a credit bureau is directed at a third party, not an affirmative statement made to Plaintiff to collect a debt.

26.     Finally, the allegation is conclusory. The Fifth Circuit has affirmed dismissal of a § 392.304(a)(19) claim where the complaint referred only "vaguely" to the collector "using a false representation or deceptive means to collect a debt" without alleging "any specific deceptive acts or practices." *Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 724 (5th Cir. 2013). Plaintiff's allegation tracks that deficient formula.

27.     Plaintiff's allegations fail each requirement. She pleads only that ARC was "maintaining an inaccurate, severe dispute lock" and failed to remove it, ECF No. 25 at 15–16, ¶ 62. This is an omission, not an affirmative false statement, and thus outside the catch-all under *Colbert* and *Verdin*. *See Colbert*, 850 F. App'x at 873; *Verdin*, 540 F. App'x at 257. The conduct she describes of leaving a flag on data furnished to a credit reporting agency was directed at a third party, not an affirmative statement made to Plaintiff to collect a debt, which is exactly the credit-bureau-directed theory *Caban* rejected. *See Caban*, 373 F. Supp. 3d at 714. And her bare invocation of a "dispute lock" tracks the deficient, formulaic pleading held insufficient in *Miller*. *See Miller*, 726 F.3d at 724.

28.     Accordingly, Plaintiff fails to state a TDCA claim under § 392.304(a)(19), and that claim should be dismissed. If the Court dismisses the FDCPA claim, it should also decline to exercise supplemental jurisdiction over this remaining state law claim.

9

### C. Plaintiff's allegations are conclusory.

29. Plaintiff's characterizations independently fail Rule 8. Allegations that ARC left a "toxic dispute flag" on a "data pipeline," are conclusory and "not entitled to the assumption of truth." ECF No. 25 at 14, ¶ 56; *James v. Ally Bank*, No. 421CV00925SDJCAN, 2023 WL 1093891, at *2 (E.D. Tex. Jan. 3, 2023). Courts in this Circuit dismiss consumer claims that fail to plead specific, non-conclusory facts tying the defendant's conduct to a cognizable violation. *See, e.g.*, *James*, 2023 WL 1093891, at *2; *Bailey v. Mansfield Indep. Sch. Dist.*, 425 F. Supp. 3d 696, 712 (N.D. Tex. 2019).

30. Here, Plaintiff offers only labels and jargon untethered to any factual allegations explaining what a "toxic dispute flag" is, how ARC allegedly created or maintained one, what "data pipeline" is at issue, or how ARC's alleged conduct caused a concrete injury to Plaintiff. Instead, Plaintiff relies on undefined technological terminology and speculative conclusions in place of well-pleaded facts. Such allegations amount to nothing more than "threadbare recitals of the elements" and conclusory assertions, which are insufficient to satisfy Rule 8's pleading requirements or to survive dismissal. *See Iqbal*, 556 U.S. at 678. Nor does Plaintiff identify any specific communication, report, transmission, or other actionable conduct by ARC that plausibly connects ARC to the alleged statutory violations. Without factual allegations bridging that gap, the Complaint fails to state a plausible claim against ARC.

31. Accordingly, Plaintiff's claims against ARC should be dismissed.

### D. Plaintiff lacks Article III standing.

32. Independently, Plaintiff's FDCPA and TDCA claims should be dismissed under Rule 12(b)(1) because she lacks Article III standing. She has not pleaded a concrete, non-self-inflicted injury. Even if she had, she cannot trace it to ARC or show that relief against ARC would redress it.

10

(1)   **Plaintiff has not pleaded a concrete injury.**

33.   Article III "requires a concrete injury even in the context of a statutory violation"; "an injury in law is not an injury in fact." *TransUnion LLC*, 594 U.S. at 426–27; U.S. Const. art. 3, § 2, cl. 1. The Fifth Circuit has applied that rule to hold that a bare FDCPA violation is not a concrete injury. *Perez*, 45 F.4th at 821. Concrete intangible harm must be "similar in kind" to a harm traditionally recognized at common law *Id.* at 822. For a misleading credit report, the analog is defamation. *Id.* But a plaintiff must show actual reputational harm from the dissemination, not merely a flagged file. *Attridge v. Colonial Sav. F.A.*, No. SA-20-CV-00205-OLG, 2023 WL 6444894, *4 (W.D. Tex. Sept. 28, 2023).

34.   A truthful "Account in Dispute" notation that Plaintiff herself generated is not a false and defamatory statement, and it cannot supply the reputational harm the defamation analog requires. ECF No. 25 at 8, ¶ 28; *TransUnion LLC*, 594 U.S. at 426–27.

35.   Plaintiff therefore has not pleaded the concrete injury standing requires. Accordingly, Plaintiff's claims should be dismissed for lack of standing.

(2)   **Plaintiff cannot trace her alleged injury to ARC, and relief against ARC would not redress it.**

36.   Standing independently fails on traceability. A plaintiff must show a causal connection between the injury and the conduct complained of; the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court. *Jackson v. City of Houston*, 143 F.4th 640, 654 n.4 (5th Cir. 2025). And "[a]n injury caused by a third party is traceable to a defendant . . . [only] if the defendant coerced or determined the third party." *Id.* Traceability is a forgiving standard, and "it is often enough that the defendant's conduct was one of multiple contributing causes." *Est. of Parker v. Mississippi Dep't of Pub. Safety*, 140 F.4th 226, 235 (5th Cir. 2025). But a plaintiff who "is the primary source

11

of [her] own alleged injury" and who "fails to allege any facts supporting a causal connection between the inaccuracies and the denial of credit" lacks Article III standing for absence of causation. *Castro v. NewRez LLC*, No. 22-CV-6340 (PKC) (JMW), 2024 WL 4242138, at \*6 (E.D.N.Y. Sept. 19, 2024).

37.     Plaintiff's own pleading attributes the hold on her mortgage to multiple causes, none of which is ARC's notation. Her loan officer paused the transaction because "multiple disputes" remained "reporting which will need to be resolved in order to close on the loan" and because "Harper's score is reporting a 580 which would put us in the manual underwrite category." ECF No. 25 at 11, ¶ 38. She further pleads that ARC's "Account in Dispute" entry was merely one of "multiple inaccurate data fields" on the report, and attributes her suppressed score to TransUnion's own "corrupted accounting histories" on unrelated tradelines. ECF No. 25 at 10–11, ¶ 37. ARC neither coerced nor determined TransUnion's scoring or the other furnishers' reporting, so their independent conduct cannot be traced to ARC.

38.     Redressability fails for the same reason. Because closing was conditioned on resolving the disputes (plural) and the 580 score, striking ARC's single notation would not have lifted the hold; the other disputes and the depressed score independently required resolution. ECF No. 25 at 11, ¶ 38. And no "contributing cause" theory bridges the gap, because *Jackson* forecloses tracing the independent conduct of the other furnishers and TransUnion to ARC absent coercion or determination that Plaintiff does not allege. *See Jackson*, 143 F.4th at 654 n.4 ("An injury caused by a third party is traceable to a defendant, however, if the defendant coerced or determined the third party.").

12

39.     Accordingly, Plaintiff cannot trace her alleged injury to any alleged conduct by ARC and therefore fails to demonstrate standing. Her claims against ARC should therefore be dismissed.

**E.     Plaintiff should be denied leave to amend because the defects are legal and further amendment would be futile.**

40.     Dismissal should be with prejudice. Although Rule 15(a) directs that leave to amend be "freely given when justice so requires," that mandate yields where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). A district court accordingly acts within its discretion in denying leave to amend where the proposed amendment would be futile. *U.S. ex rel. Willard v. Humana Health Plan of Texas Inc.*, 336 F.3d 375, 387 (5th Cir. 2003). Amendment is futile when "the amended complaint would fail to state a claim upon which relief could be granted," judged under "the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Ariyan, Inc. v. Sewerage & Water Bd. of New Orleans*, 29 F.4th 226, 229, 232 (5th Cir. 2022) (quoting *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863 (5th Cir. 2000)). Two independent reasons make amendment futile here.

41.     First, the deficiencies are legal, not factual, and no additional facts can cure them. Plaintiff's claims against ARC fail not because she pleaded too little detail, but because the conduct she describes is not actionable under either statute as a matter of law. The FDCPA reaches affirmative misrepresentations, not a debt collector's failure to remove a notation, and the "Account in Dispute" entry she complains of was true when reported. 15 U.S.C. § 1692e(8); *Alvarado Martinez*, 444 F. Supp. 3d at 754. The TDCA likewise requires an affirmative false statement made to collect a debt, not an omission in data furnished to a credit bureau. Tex. Fin.

13

Code 392.304(a)(19); *Colbert*, 850 F. App'x at 873. Because "the core of Plaintiff['s] claims is so clearly foreclosed by settled law," no reformulation of the facts she has already alleged could state a claim, and leave to amend should be denied as futile. *Ariyan, Inc.*, 29 F.4th at 232. A court "is not obligated to grant a futile motion to amend." *Hernandez v. W. Texas Treasures Est. Sales, L.L.C.*, 79 F.4th 464, 468 (5th Cir. 2023).

42.    Second, Plaintiff has already amended once and has pleaded her best case. The operative pleading is Plaintiff's First Amended Complaint. *See* ECF No. 25. She has accordingly already availed herself of the opportunity to cure pleading deficiencies, and the factual theory she advances that she revoked her own dispute and ARC did not promptly remove the resulting notation is fully developed, not underdeveloped. *Id.* at 8. Even affording her pleading the liberal construction due a pro se litigant, "[g]ranting leave to amend is not required . . . if the plaintiff has already pleaded [her] 'best case," and the plaintiff must identify the specific material facts a further amendment would add. *Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009). Plaintiff cannot do so, because the problem is the legal character of her theory, not any gap in its factual detail. A district court is not obligated to grant a futile motion to amend when the plaintiff has already pleaded her best case. *Hernandez*, 79 F.4th at 468.

43.    Because further amendment would be futile and Plaintiff has already had her opportunity to cure, the Court should dismiss Plaintiff's FDCPA and TDCA claims against ARC with prejudice.

## CONCLUSION

For the foregoing reasons, Defendant Absolute Resolutions Corporation respectfully requests that the Court grant its Motion to Dismiss, dismiss Plaintiff's claims against it with prejudice, and award Defendant its costs, and for such other and further relief, at law or in equity, to which the Court deems just and proper.

14

Respectfully submitted,

**BASSFORD REMELE**
*A Professional Association*

Dated: July 23, 2026

By */s/ Kimberly Dang*
Kimberly Dang
Texas Bar No. 24116246
100 South 5th Street, Suite 1500
Minneapolis, MN 55402-1254
Telephone: (612) 333-3000
Facsimile: (612) 333-8829
kdang@bassford.com

*Attorneys for Defendant*
*Absolute Resolutions Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on July 23, 2026, I caused the foregoing document to be filed electronically with the Clerk of Court utilizing the CM/ECF system, which will send notification of such filing to any counsel of record who are registered CM/ECF participants. I further certify that I caused a true and correct copy of the foregoing document to be served upon the following non-CM/ECF participant via First Class Mail and electronic mail:

Harper Paris
900 E Colorado Boulevard
Dallas, Texas 75203

1710 Keller Parkway 9602
Keller, Texas 76248
harperparis0826@gmail.com

*Plaintiff Pro Se*

*/s/ Kimberly Dang*
Kimberly Dang

15