**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| HARPER PARIS,<br>Plaintiff,<br><br>vs.<br><br>TRANSUNION, LLC, DK CONSULTING, INC., JEFFERSON CAPITAL SYSTEMS, LLC, ABSOLUTE RESOLUTIONS CORPORATION, MCCARTHY, BURGESS, & WOLFF, GLOBAL LENDING SERVICES LLC, SELF FINANCIAL, INC., NAVY FEDERAL FINANCIAL GROUP, LLC, AUSTIN CAPITAL BANK SSB SEZZLE INC., and CONN APPLIANCES, INC. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No: 3:26-cv-02172-K-BN |

**DEFENDANT DK CONSULTING, INC.'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO RULE 12(b)(6)**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant DK Consulting, Inc. ("DK"), and files this Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to Rule 12(b)(6) as follows:

## INTRODUCTION

1. On June 3, 2026, Plaintiff filed this suit in the Dallas County Court at Law 5, alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA") and the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (the "FCRA"). Doc. 1-1.

2. On June 30, 2026, co-defendant McCarthy Burgess & Wolff removed the case from the Dallas County Court at Law 5 to this Court. Doc.1.

3. On July 15, DK filed an answer to Plaintiff's Original Complaint. Doc. 23.

4. On July 16, Plaintiff filed a "First Amended Complaint and Brief in Support" ("First Amended Complaint"), which is the operative complaint. Doc. 25.

5. Despite naming DK as a defendant (among 11 total defendants), Plaintiff's First Amended Complaint fails to state a claim against DK, as Plaintiff does not make any factual allegations against DK, nor does Plaintiff assert any claim against DK. Doc. 25.

6. Therefore, Plaintiff has failed to state a claim against DK, and Plaintiff's case against DK must be dismissed.

## ARGUMENTS AND AUTHORITIES

### A. Standard of Law.

7. Federal Rule of Civil Procedure 12 (b)(6) authorizes the dismissal of a complaint that fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "This Rule must be interpreted in conjunction with Federal Rule of Civil Procedure 8(a), which sets forth the requirements for pleading a claim for relief in federal court." Fed. R. Civ. P. 8(a)(2); *Evercare Prot., LLC v. Headstart Warranty Grp.*, LLC, No. 4:25-cv-360-BJ, 2026 U.S. Dist. LEXIS 107799, at *3-4 (N.D. Tex. May 15, 2026).

8. In assessing a Motion to Dismiss under Rule 12(b)(6), the Court's review is limited to the Complaint and any documents attached to the Motion to Dismiss referred to in the Complaint and central to the plaintiff's claims. *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014); *Scanlan v. Texas A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003) (consideration of documents attached to a defendant's motion to dismiss is limited to "documents that are referred to in the plaintiff's complaint and are central to the plaintiff's claim"); *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996) ("[I]n deciding a motion to dismiss for failure to state a claim, courts must limit their inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint."). When reviewing the Complaint, the "court accepts all well-pleaded facts as true, viewing them in the light most

favorable to the plaintiff." *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (*quoting Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)).

9. However, plaintiff must plead specific facts, not mere conclusory allegations, to avoid dismissal. *Evercare Prot., LLC v. Headstart Warranty Grp.*, LLC, 2026 U.S. Dist. LEXIS 107799, at *4. The court need not credit "bare conclusory allegations or a formulaic recitation of the elements of a cause of action. *Id*. Rather, "a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

**B. Plaintiff states no claim against DK Consulting, Inc.**

10. Plaintiff's First Amended Complaint names DK and ten other entities as defendants, alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. Doc. 25 at ¶¶ 1, 6 – 16.

11. However, Plaintiff's First Amended Complaint asserts no factual allegations against DK. *Id.* at ¶¶ 17 - 40. Aside from listing DK in the caption and identifying it as a defendant in the Parties section, Plaintiff's First Amended Complaint contains no factual allegations concerning DK whatsoever. It does not allege any conduct by DK, any interaction between DK and Plaintiff, any damage attributable to DK, or any violation of any statute by DK. Doc. 25. Plaintiff's First Amended Complaint also fails to assert any cause of action against DK. *Id.* at ¶¶ 41 – 63. The First Amended Complaint contains seven separate counts. Counts I–III are asserted solely against TransUnion, LLC. *Id*. at 41 – 50. Count IV is asserted only against specified furnishers. *Id*. at 51 – 53. Count V is asserted solely against Absolute Resolutions Corporation. *Id*. at 54 – 56. Count VI is asserted solely against Jefferson Capital Systems, LLC. *Id*. at 57 – 59. Count VII is asserted only against Absolute Resolutions Corporation and Jefferson Capital Systems, LLC. No count is

asserted against DK. *Id*. at 60 – 63. Therefore, Plaintiff has failed to state a claim against DK, and Plaintiff's case against DK must be dismissed.

## CONCLUSION

12. Plaintiff's First Amended Complaint fails to satisfy even the minimal pleading requirements of the Federal Rule of Civil Procedure. It identifies DK as a defendant but alleges no actionable conduct by DK and asserts no cause of action against it. Because the Complaint contains no factual matter from which the Court could plausibly infer liability, it fails to state a claim upon which relief can be granted and should be dismissed pursuant to Rule 12(b)(6).

WHEREFORE, PREMISES CONSIDERED, Defendant DK Consulting, Inc., respectfully requests that this Court dismiss Plaintiff's claims against DK Consulting, Inc. with prejudice.

Respectfully submitted,

**MARTIN GOLDEN LYONS**
**WATTS MORGAN PLLC**

*/s/ Xerxes Martin*

EUGENE XERXES MARTIN, IV
Texas State Bar No. 24078928
Email: xmartin@mgl.law
JUSTIN HAN
Texas State Bar No. 24109971
Email: jhan@mgl.law
**MARTIN GOLDEN LYONS**
**WATTS MORGAN PLLC**
Northpark Central, Suite 1850
8750 North Central Expressway
Dallas, Texas 75231
TEL: (214) 346-2630
FAX: (214) 346-2631

***COUNSEL FOR DEFENDANT***

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing document has been forwarded via **CM/ECF, CMRRR and/or Email** system to all parties entitled to notice of the same on this 30th day of July, 2026.

*/s/ Xerxes Martin*
EUGENE XERXES MARTIN, IV